Leon F. Mead II, Esq.
Nevada Bar # 5719
eMail: leon@meadlawgroup.com
M. Dason Coronado, Esq.
Nevada Bar #: 16689
eMail: dason@meadlawgroup.com
**MEAD LAW GROUP LLP**
7251 W. Lake Mead Blvd., Suite 460
Las Vegas, NV 89128
Tel: 702.745.4800
Fax: 702.745.4805

*Attorneys for Plaintiff Kelly-Harrison, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTHERN NEVADA

| | |
|---|---|
| KELLY-HARRISON, INC., an Oregon corporation,<br><br>                Plaintiff,<br><br>v.<br><br>CHDP PAHRUMP, LLC, a Nebraska limited liability company; PAHRUMP COMMUNITY HEALTH CENTER, LLC, a Nevada limited liability company; and DOES I-X, inclusive, and ROE ENTITIES I-X, inclusive,<br><br>                Defendants. | Case No.: 2:25-cv-132-DJA<br>**ORDER DENYING PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

       Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties to this action, Plaintiff Kelly-Harrison, Inc. ("KHI"), Defendant CHDP Pahrump, LLC ("CHDP"), Defendant Pahrump Community Health Center, LLC ("PCHC"), and the attorneys of record for the parties hereby submit their proposed discovery plan and scheduling order in compliance with LR 26-1.

      **I.**     **INTRODUCTION**

       On January 22, 2025, KHI initiated a lawsuit against CHDP and PCHC in the United States District Court for the District of Nevada. On March 4, 2025, CHDP filed its answer to KHI's complaint, along with their affirmative defenses. On March 6, 2025, PCHC filed its answer to KHI's complaint, along with their affirmative defenses.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702 745-4800
F. 702.745-4805

4936-3614-5715.4                                                             26(F) CONFERENCE REPORT 1

Pursuant to Fed. R. Civ. Proc. 26(f)(1), counsel for all parties – M. Dason Coronado, Esq., on behalf of KHI; and George F. Ogilvie III, Esq. and Christopher Molina, Esq., on behalf CHDP and PCHC– held a video conference at approximately 10:00 a.m. on the morning of Wednesday, March 26, 2025, for the planning of discovery and other matters in this case.

## II. NATURE AND BASIS OF CLAIMS AND DEFENSES

### a. Description of the action:

This matter arises out of a construction dispute involving a written agreement between KHI and PCHC (c/o CHDP) for the construction of the Pahrump Community Health Center located at 136 S. Lola Lane, Pahrump, Nevada. Under the agreement, KHI agreed to furnish labor, materials, and equipment to construct the facility on a cost-plus basis with a guaranteed maximum price. KHI commenced work on the project and alleges it performed in accordance with the terms of the agreement, including completing additional or changed work beyond the original contract scope.

A dispute subsequently arose regarding payment. KHI contends that CHDP has failed to fully compensate it for the work performed, including the additional or changed work. KHI recorded a Notice of Lien against the subject property and initiated this action to recover amounts it alleges remain due and owing. CHDP denies liability, disputes the amount and basis of KHI's claims, and maintains that KHI has failed to provide the sufficient supporting documentation for the costs claimed due.

The parties have initiated this litigation to resolve the dispute and are continuing to assess their respective claims and defenses through the litigation process.

### b. KHI's Claims for Relief in the Complaint:

    i. Breach of Contract against PCHC;

    ii. Breach of the Covenant of Good Faith and Fair Dealing against PCHC;

    iii. Unjust Enrichment against PCHC;

    iv. Foreclosure of Mechanics Lien against CHDP;

    v. Declaratory Relief against CHDP and PCHC.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

4936-3614-5715.4    26(F) CONFERENCE REPORT 2

**c. PCHC's Affirmative Defenses to KHI's Complaint:**

1. The Complaint fails to state claims against this Answering Defendant upon which relief can be granted.
2. The Complaint is barred by the doctrine of laches, estoppel and/or unclean hands.
3. There was a failure of consideration for the monies sued upon by KHI in that KHI failed to deliver satisfactory labor, equipment, or materials for which it has not already been paid.
4. The Complaint and all claims for relief are barred by KHI's material breaches of contract and/or warranty.
5. The Complaint may be barred and/or diminished because the payment of money to KHI for the alleged damages, if any, would constitute unjust enrichment.
6. As a result of KHI's own acts, conduct, and representations, KHI is estopped to assert the claims in the Complaint and/or to obtain the relief sought therein.
7. This Answering Defendant at all relevant times acted reasonably and in good faith in discharging their obligations and duties, if any.
8. KHI failed to mitigate its damages, if any.
9. KHI waived some or all of its rights be reason of its conduct.
10. KHI failed to satisfy conditions precedent and/or other prerequisites to bringing any action against this Answering Defendant.
11. KHI's claims are barred by its own bad faith.
12. KHI failed to comply with the statutory requirements in NRS Chapter 108.
13. KHI's lien is frivolous and was made without reasonable cause, entitling the Property owner to an order releasing the lien and awarding costs and reasonable attorneys' fees.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702 745-4800
F. 702.745-4805

4936-3614-5715.4                                                    26(F) CONFERENCE REPORT 3

14. The Complaint, and each purported claim for relief alleged therein, is barred to the extent the amount claimed in KHI's purported mechanic's lien exceeds the reasonable value of the materials delivered and/or services or work performed.

15. The Complaint, and each purported claim for relief alleged therein, is barred to the extent that not all of the materials or services for which KHI claims a lien were incorporated into the project for which the lien is claimed.

16. Any claims for damages that KHI has against this Answering Defendant, if valid, are offset by the claims which this Answering Defendant has against KHI.

17. The Complaint is barred to the extent that KHI has been paid all sums that are due and owing to KHI.

18. The Complaint is barred to the extent that KHI failed to properly maintain, control, construct, inspect or otherwise properly conduct its activities on the project and/or KHI failed to take adequate measure to minimize delays, damages, and extra costs during the course of work on the project.

19. KHI has failed to satisfy its contractual obligations to entitle it to payment of the amounts claimed due.

20. This Answering Defendant incorporates all applicable affirmative defenses enumerated in Nevada Rule of Civil Procedure 8(c) to avoid wavier thereof.

21. This Answering Defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicate that additional affirmative defenses are applicable.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702.745-4800
F. 702.745-4805

**d. CHDP's Affirmative Defenses to KHI's Complaint:**

1. The Complaint fails to state claims against this Answering Defendant upon which relief can be granted.
2. The Complaint is barred by the doctrine of laches, estoppel and/or unclean hands.
3. There was a failure of consideration for the monies sued upon by KHI in that KHI failed to deliver satisfactory labor, equipment, or materials for which it has not already been paid.
4. The Complaint and all claims for relief are barred by KHI's material breaches of contract and/or warranty.
5. The Complaint may be barred and/or diminished because the payment of money to KHI for the alleged damages, if any, would constitute unjust enrichment.
6. As a result of KHI's own acts, conduct, and representations, KHI is estopped to assert the claims in the Complaint and/or to obtain the relief sought therein.
7. This Answering Defendant at all relevant times acted reasonably and in good faith in discharging their obligations and duties, if any.
8. KHI failed to mitigate its damages, if any.
9. KHI waived some or all of its rights be reason of its conduct.
10. KHI failed to satisfy conditions precedent and/or other prerequisites to bringing any action against this Answering Defendant.
11. KHI's claims are barred by its own bad faith.
12. KHI failed to comply with the statutory requirements in NRS Chapter 108.
13. KHI's lien is frivolous and was made without reasonable cause, entitling the Property owner to an order releasing the lien and awarding costs and reasonable attorneys' fees.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

4936-3614-5715.4                                                26(F) CONFERENCE REPORT 5

14. The Complaint, and each purported claim for relief alleged therein, is barred to the extent the amount claimed in KHI's purported mechanic's lien exceeds the reasonable value of the materials delivered and/or services or work performed.

15. The Complaint, and each purported claim for relief alleged therein, is barred to the extent that not all of the materials or services for which KHI claims a lien were incorporated into the project for which the lien is claimed.

16. Any claims for damages that KHI has against this Answering Defendant, if valid, are offset by the claims which this Answering Defendant has against KHI.

17. The Complaint is barred to the extent that KHI has been paid all sums that are due and owing to KHI.

18. The Complaint is barred to the extent that KHI failed to properly maintain, control, construct, inspect or otherwise properly conduct its activities on the project and/or KHI failed to take adequate measure to minimize delays, damages, and extra costs during the course of work on the project.

19. This Answering Defendant incorporates all applicable affirmative defenses enumerated in Nevada Rule of Civil Procedure 8(c) to avoid wavier thereof.

20. This Answering Defendant reserves the right to assert additional affirmative defenses in the event discovery and /or investigation indicate that additional affirmative defenses are applicable.

21. KHI has failed to satisfy its contractual obligations to entitle it to payment of the amounts claimed due.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702 745-4800
F. 702.745-4805

4936-3614-5715.4

26(F) CONFERENCE REPORT 6

**SETTLEMENT DISCUSSIONS**

The parties discussed the possibility of settlement during the Rule 26(f) conference; however, the parties agree that it is currently too early to engage in meaningful settlement negotiations. The parties intend to revisit settlement discussions as the case progresses and additional discovery is completed.

III. **RULE 26(f) DISCOVERY PLAN**

    a. **What changes should be made in timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were or will be made**:

The parties have agreed to exchange initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). All parties will serve their Rule 26(a)(1)(C) disclosures within 14 days of this conference, by April 14, 2025.

    b. **Subjects on Which Discovery May Be Needed:**

Discovery will be taken on all claims that are subject of the Complaint, as well as all affirmative defenses to those claims.

    c. **Any Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information (ESI), Including the Form or Forms in Which It Should Be Produced:**

The parties have no issues regarding the disclosure, discovery, or preservation of ESI at this time. All relevant electronically stored information, including emails, contracts, and project-related documentation, will be preserved. Unless otherwise agreed, all electronically stored information shall be produced in the following format: Extracted Text and images (single page tiff or multipage pdf) with bates numbered pages. For Excel files, other files that will not render properly in an imaged form (such as P6, BIM, CADD, etc.), the parties shall produce native files (i.e., the format in which it was original generated or used by the producing party in its regularly conducted activities) with electronic slip sheets referencing the document number and file name and indicating that the document has been produced in native format.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702.745-4800
F. 702.745-4805

4936-3614-5715.4                                                                                    26(F) CONFERENCE REPORT 7

The parties agree that each shall have the right to "claw-back" any inadvertently produced documents or information which fall within attorney-client privilege or other privilege permitted by Nevada law.

**d. Issues About Claims of Privilege or Protection as Trial-Preparation Materials:**

The parties have discussed claims of privilege and protection of trial-preparation materials and do not have any issues at this time. Should any claims of privilege or protection arise during discovery and after production of materials, the parties agree to address them in accordance with Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502.

**e. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

None at this time.

**f. What, if any, other orders should be entered by the court under Rule 26(c) or Rule 16(b) and (c):**

None at this time. The parties reserve the right to request a protective order at a later date.

**g. Electronic Evidence:** Not applicable.

**IV. DISCOVERY AND MOTION DATES:**

The parties have agreed to the following as required by LR 26-1(b):

a. **General Discovery Cut-Off Date:** November 3, 2025.
  i. **Date the first defendant answered or appeared:** March 4, 2025.
  ii. **Number of days from first defendant's answer to discovery cut-off:** 243 days.
b. **Factual Discovery Cut-Off Date:** August 5, 2025.
c. **Final date to Amend the Pleadings and Add Parties:** August 5, 2025.
d. **Expert Witness Disclosures:** September 4, 2025.
e. **Rebuttal Expert Disclosures:** October 6, 2025.
f. **Dispositive Pre-Trial Motions:** December 3, 2025.

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

4936-3614-5715.4                26(F) CONFERENCE REPORT 8

    **g.** **Joint Pre-Trial Order**: January 2, 2026, or 30 days after resolution of dispositive motions.

    **h.** **Pre-Trial Disclosures:** January 2, 2026.

## V. ALTERNATIVE DISPUTE RESOLUTION AND ALTERNATIVE FORMS OF CASE DISPOSITION

**Alternative Dispute Resolution:** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including, mediation, arbitration, and if applicable, early neutral evaluation.

**Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

## VI. STATEMENT OF REASONS FOR SPECIAL SCHEDULING REVIEW OF LONGER OR DIFFERENT DISCOVERY PLAN DATES

The parties jointly request special scheduling review pursuant to Local Rule 26-1(a)-(b), as the proposed deadlines exceed the presumptive dates established under Local Rule 26-(b).

The parties anticipate that a minimum of six months will be required to complete discovery due to the volume of documents expected to be exchanged. The nature of the claims and defenses—arising out of a complex commercial construction project—involve technical construction issues, contract performance, alleged nonpayment, and lien enforcement. The factual development of these issues will likely require third-party discovery, expert analysis, and coordination of multiple witnesses, which cannot reasonably be completed within the standard timeframe.

Additionally, the parties anticipate delays in obtaining key documents and scheduling potential depositions, which will likely impact the discovery timeline. Significant electronically stored information will also need to be gathered, reviewed, and produced, necessitating additional time to ensure full compliance with the Federal Rules of Civil Procedure.

Given the scope of the issues and the volume of anticipated information involved, the parties agree that additional time is necessary to adequately prepare and evaluate their respective

claims and defenses. Extending the discovery and scheduling deadlines will ensure that all parties can fully and fairly prepare for trial.

| Dated: April 21, 2025 | IT IS SO STIPULATED |
|---|---|
| **MCDONALD CARANO LLP** | **MEAD LAW GROUP LLP** |
| /s/ Christopher Molina | /s/ M. Dason Coronado |
| George F. Ogilvie III, Esq. | Leon F. Mead II, Esq. |
| Christopher Molina, Esq. | M. Dason Coronado, Esq. |
| 2300 West Sahara Avenue, Suite 1200 | 7251 W Lake Mead Blvd., Suite 460 |
| Las Vegas, NV 89102 | Las Vegas, Nevada 89128 |
| Telephone: (702) 873-4100 | *Attorneys for Plaintiff Kelly-Harrison, Inc.* |
| Facsimile: (702) 873-9966 | |
| *Attorneys for Defendants CHDP Pahrump, LLC and Pahrump Community Health Center, LLC* | |

## ORDER

The parties' proposed discovery plan includes a bifurcated discovery schedule, with "general" discovery ending after "factual" discovery. However, Local Rule 26-1 does not provide for this form of discovery. And the Court is not inclined to grant a bifurcated discovery plan without very good reason because bifurcation often leads to disputes over whether discovery is appropriately conducted in the first or second stage of discovery. The parties do not provide that reasoning here. So, the Court DENIES the parties proposed discovery plan without prejudice. The parties must file a renewed plan on or before April 29, 2025.

DATED: 4/21/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

4936-3614-5715.4    26(F) CONFERENCE REPORT 10

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702 745-4800
F. 702.745-4805

# CERTIFICATE OF SERVICE

I, the undersigned, declare under the penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER,** on the following parties via the provisions of FRCP 5(b)(1), as well NV R USDCT LR 5-1, and LRC IC 4-1 in the following manner:

☒   BY ELECTRONIC SUBMISSION: Pursuant to Local Rule LR IC 4-1 of the United States District Court for the District of Nevada, the above referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

Parties Served:

George F. Ogilvie III, Esq.
Christopher Molina, Esq.
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966

*Attorneys for Defendants CHDP Pahrump, LLC and Pahrump Community Health Center, LLC*

Dated: April 21, 2025              ____/s/ Irma Mendez
                                    An Employee of Mead Law Group LLP

Mead Law Group LLP
7251 W. Lake Mead Blvd.
Suite 460
Las Vegas, NV 89128
T. 702.745-4800
F. 702.745-4805

4936-3614-5715.4                                              26(F) CONFERENCE REPORT 11